UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNA R. GREER,<br><br>Plaintiff,<br><br>v.<br><br>CELESTE RODRIGUEZ, et al,<br><br>Defendants. | No.  2:25-cv-2532 TLN AC PS<br><br><br><br>ORDER |

Plaintiff is proceeding in this case in pro se, and pretrial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff filed a complaint, a motion for a temporary restraining order, and a motion to proceed in forma pauperis on September 4, 2025.  ECF Nos. 1,2, 3.  Plaintiff filed an emergency complaint and request for service on September 12, 2025.  ECF No. 4.  On September 22, 2025, the undersigned denied plaintiff's motion to proceed in forma pauperis as incomplete, and ordered plaintiff to file a complete application or pay the fee within 14 days.  ECF No. 5.  Plaintiff paid the filing fee on September 30, 2025.

On October 14, 2025, plaintiff filed a first amended complaint, and a summons and new civil case documents were issued by the Clerk of Court.  ECF Nos. 7, 8, 9.  On December 8, 2025, plaintiff filed a document entitled "Proof of Service."  ECF No. 10 at 1.  The document contains a declaration of service submitted by Jules Tran, who states that they served defendants

1

by placing "such sealed envelope(s), with postage thereon fully paid for first-class mail, for collection and mailing at California Farm Bureau Federation, Sacramento, California, following ordinary business practices." ECF No. 10 at 2. The served defendants' addresses are listed on page 3 of the declaration; each mailing address is located at 1021 O St in Sacramento, California. Id. at 3.

Federal Rule of Civil Procedure 4(m) requires service of process to be completed within 90 days of the complaint being filed. The summons in this case was issued on October 16, 2025, more than 150 days ago, and the proof of service on file indicates that service has not been properly completed. The complaint was served by certified mail, which is ineffective.

Federal Rule of Civil Procedure 4(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Accordingly, under Rule 4(e)(1), service is proper if it complies with California law. California law provides that a summons may be served by personal delivery of the summons and complaint to the person to be served, California Code of Civil Procedure § 415.10; or by leaving a copy of the summons and complaint during office hours at his or her office, and by thereafter mailing a copy of the summons and complaint to be served at the place where a copy of the summons and complaint was left, California Code of Civil Procedure § 415.20(a); or by leaving a copy at the person's dwelling house or usual place of abode as required by California Code of Civil Procedure § 415.20.

While California Code of Civil Procedure § 415.30 allows for service of the summons and complaint by mail, service in that manner is valid *only* "if the complaint and summons are served

2

with the required notice of acknowledgement and an envelope addressed to the sender with prepaid postage *and* the recipient has signed and returned the acknowledgement of receipt." Austin v. Lyft, Inc., No. 21-CV-09345-JCS, 2021 WL 6617452, at *1 (N.D. Cal. Dec. 13, 2021) (emphasis original).  There is no indication that service of the complaint and summons was accomplished in a manner consistent with this section.

Further, service by mail is not proper under Rule 4(e)(2)(A) or (C), which require that the complaint be "delivered" rather than mailed.  Nor does service by certified mail satisfy Rule 4(e)(2)(B), which requires not only that the summons and complaint be left at the defendant's dwelling but also that it be left "with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(b) (emphasis added).  Therefore, it is clear that service of process also was not proper under this section.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, within 14 days, why her failure to submit service documents should not result in a recommendation that this case be dismissed for failure to prosecute.  The filing of service documents within this timeframe will serve as cause and will discharge this order.  If plaintiff fails to respond, the court will recommend dismissal of this case pursuant to Local Civil Rule 110.

IT IS SO ORDERED.

DATED: March 17, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3