UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVANNA R. GREER, Plaintiff, v. CELESTE RODRIGUEZ, et al., Defendants. | No. 2:25-cv-2532 TLN AC PS<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff initially filed a complaint along with a motion for a temporary restraining order (ECF No. 2), a motion for urgent relief (ECF No. 4), and an application to proceed in forma pauperis (ECF No. 3). The undersigned denied the motion to proceed in forma pauperis because it was incomplete and instructed plaintiff to submit a revised motion. ECF No. 5. Rather than submit a revised motion, plaintiff paid the filing fee. ECF No. 6.

On October 14, 2025, plaintiff filed the operative First Amended Complaint. ECF No. 7. On April 1, 2026, plaintiff filed a Motion for Leave to file a Second Amended Complaint. ECF No. 14. On April 23, 2026, defendant Tony Thurmond, who was named in the Second Amended Complaint, filed a motion to dismiss. ECF No. 19. On April 30, 2026, plaintiff filed a motion to e-file. ECF No. 22. On June 3, 2026, defendant Jennifer Troia also filed a motion to dismiss.

ECF No. 24. For the reasons set forth below, the undersigned recommends that this case be DISMISSED for lack of jurisdiction pursuant to the defendants' motions and the court's own independent assessment, and that all remaining motions be DENIED as MOOT.

## I. Background

### A. The First Amended Complaint and Proposed Second Amended Complaint

Plaintiff's lawsuit, in both the First Amended Complaint and the proposed Second Amended Complaint, seeks to have Assembly Bill (AB) 495 declared unconstitutional and to prohibit its enforcement, asserting that the bill "unlawfully infringes on parental rights and promotes government overreach" in violation of the Constitution. ECF No. 7 (First Amended Compliant) at 2. In the operative First Amended Complaint, plaintiff sues multiple state senators. ECF No. 11 at 3. She alleges that AB 495 is a "direct assault on the rights of parents to make decisions regarding the welfare and upbringing of their children" and expands governmental control over familial relationships by enabling child removal and reeducation programs. ECF No. 7 at 3. Plaintiff alleges that the "Democratic-controlled legislature's pattern of passing unconstitutional legislation including AB 495, AB 144 (mandatory vaccination), and the Farmland Task Force Act – demonstrates a coordinated agenda to subvert the Constitution and exploit citizens for financial gain." ECF No. 7 at 4. The First Amended Complaint asks for a declaration that AB 495 is void and a permanent injunction preventing its implementation, one billion dollars in damages to be allocated to California citizens, mandatory training for government appointed officials, and establishment of an independent oversight body to monitor family court and legislative misconduct. Id.

The proposed Second Amended Complaint is substantively similar to the operative complaint, but changes the defendants to Attorney General Rob Bonta, the California Department of Social Services, and the Superintendent of Public Instruction. ECF No. 14 at 3-4. Like the First Amended Complaint, the proposed Second Amended Complaint alleges that AB 495 is unconstitutional. ECF No. 14 at 4. Unlike the First Amended Complaint, plaintiff attempts to link the existence of AB 495 to herself, asserting that the bill applies to institutions that "interact directly with Plaintiff and Plaintiff's child" and asserting that plaintiff "faces a credible threat of

ongoing and future interference with her parental rights as a result of these policies." Id. at 4. Plaintiff alleges that she has been personally impacted because there have been "instances where [her] child expressed fear of ordinary parental authority based on messaging received through school-related instruction regarding state intervention." ECF No. 14 at 4. Plaintiff asks the court to declare AB 495 unconstitutional and enjoin its enforcement. ECF No. 14 at 7.

B. Motions to Dismiss and Independent Requirement to Assess Jurisdiction

Defendant Tony Thurmand, in his official capacity as Superintendent of Public Instruction ("SSPI") moves to dismiss on several grounds, but because subject matter jurisdiction is a foundational issue, that topic is addressed first. Defendant Rob Bonta likewise moves to dismiss on several grounds, including lack of subject matter jurisdiction. ECF No. 24. Additionally, the court has an independent duty to assess subject matter jurisdiction before proceeding with a case. United Invs. Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966–67 (9th Cir. 2004). Because it is clear from both the operative First Amended Complaint and the proposed Second Amended Complaint that plaintiff does not have standing to proceed with this lawsuit, and the court accordingly lacks subject matter jurisdiction, the undersigned recommends dismissal without further leave to amend.

## II. Analysis

A. Legal Standard Governing Motions to Dismiss for Lack of Subject Matter Jurisdiction

Plaintiff lacks Article III standing to bring the operative First Amended Complaint (FAC) or the proposed Second Amended Complaint (SAC) because she fails to satisfy the prerequisite requirement: plausibly alleging that she has suffered an injury in fact. Further, the allegations of both the operative FAC and the proposed SAC fail to support any causal connection between alleged injuries and any challenged action of any defendant that would be redressed by the requested remedies.

Pursuant to Rule 12(b)(1), a defendant may move for dismissal if the court lacks subject matter jurisdiction. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). An action must therefore be dismissed for lack of subject matter jurisdiction if a plaintiff lacks

Article III standing. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109-10 (1998). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000) (citations omitted). Plaintiff has the burden of establishing all three of these elements. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561. Here, plaintiff does not satisfy the requirements of standing.

First, plaintiff does not identify an injury in fact. The operative FAC does not make any connection whatsoever between AB 495 and anything that has happened to plaintiff. Plaintiff attempts to cure this in the proposed SAC by including a standing section, but even there plaintiff's broad assertions that (1) AB 495 encourages schools and childcare providers to adopt unidentified policies that may interfere with parental rights, and (2) her minor child "expressed fear" related to "school-related instruction" involving unspecified "state intervention" do not establish an actionable injury against anyone, including plaintiff. The law is clear that in challenging a statute, a party must "assert an injury that is the result of a statute's actual or threatened *enforcement*, whether today or in the future. California v. Texas, 593 U.S. 659, 670 (2021) (emphasis original). Even if plaintiff had identified a specific injury she suffered, she makes no connection between AB 495 and an injury. Neither the operative FAC nor the proposed SAC identifies what AB 495[1] does or explains how the law relates to plaintiff, other than generalized assertion that the law impacts schools and plaintiff has a child that attends a school. There is no indication in any version of the complaint that AB 495 was enforced against plaintiff. The lack of an identifiable injury alone necessitates dismissal for lack of standing.

---

[1] AB 495 is also known as the "Family Preparedness Plan of 2025" and became effective January 1, 2026. Cal. Fam. Code § 6550 (West); Chart 3. 2025 California Legislation Year-End Chart, CFLR Cal. Fam. L. Prac. Appendix A Chart 3. The Bill amended existing law to "ensure that children facing the risk of family separation due to a parent's immigration status have stable and legally recognized caregiving arrangements that protect their emotional and physical well-being." CA LEGIS 664 (2025), 2025 Cal. Legis. Serv. Ch. 664 (A.B. 495).

Further, even if plaintiff had alleged harm, it is divorced from any specific action of any defendant. A vague assertion that the California state legislature is passing unconstitutional laws is insufficient to demonstrate a causal connection between any individual defendant in the operative FAC and a harm suffered by plaintiff. Additionally, plaintiff does not allege how any defendant, either in the FAC or SAC, could redress her unidentified injury, or how enjoining AB 495 would be to her specific benefit. "To determine whether an injury is redressable, a court will consider the relationship between 'the judicial relief requested' and the 'injury' suffered." California v. Texas, 593 U.S. 659, 671, 141 (2021). In the FAC, plaintiff asks the court to distribute a billion dollars to Californians, to require training for legislators, and to enjoin a bill that does not appear to have been enforced against plaintiff. In the proposed SAC, plaintiff asks the court to enjoin enforcement of AB 495. None of this requested relief clearly relates to or could redress any injury suffered by plaintiff. Plaintiff's bare allegations in both the operative FAC and the proposed SAC cannot establish standing, and this case is subject to dismissal pursuant to Rule 12(b)(1).

**III. Leave to Amend Is Not Appropriate**

Leave to amend is not appropriate in this case because plaintiff has filed two complaints and a proposed second amended complaint, none of which approach any cognizable theory of standing. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, it is apparent that further amendment would be futile. Noll, 809 F.2d at 1448.

**IV. Pro Se Plaintiff's Summary**

It is recommended that this case be dismissed because you have not shown any specific injury to yourself from the implementation of AB 495. It is not enough that you do not like the law or that the law's existence is upsetting to you or your child; to have standing, the law must have been enforced against you specifically and caused you a particular harm. You do not have standing to bring this case, and because of that, the case cannot go forward. The District Judge will make the final decision regarding dismissal. If you object to the recommendation of dismissal you may file your objections within 21 days.

## V. Conclusion

Accordingly, the undersigned recommends as follows:

1. That the motions to dismiss at ECF Nos. 19, and 24 be GRANTED; and
2. That the operative First Amended Complaint (ECF No. 7) be DISMISSED in its entirety for lack of jurisdiction,
3. That all remaining motions (ECF Nos. 2, 4, 14, and 22) be DENIED as MOOT, and the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 20, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE